## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. QUIBIDS, L.L.C., an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:10-cv-00639-R |
| 1. 1524948 ALBERTA LTD., d/b/a TERRA MARKETING GROUP, a Canadian entity, represented by counsel for SWIPEBIDS.com to be the owner of the domain name swipebids.com, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

### FIRST AMENDED COMPLAINT

The plaintiff, QuiBids, L.L.C. ("QuiBids"), for its causes of action in its First Amended Complaint against the defendant, 1524948 Alberta Ltd. d/b/a Terra Marketing Group ("Defendant"), the owner of the domain name SwipeBids.com, alleges and states as follows:

### NATURE OF THE ACTION

1.    This is an action for injunctive relief and monetary damages arising out of, *inter alia*, Defendant's trademark infringement, trade dress infringement, false designation of origin, and unauthorized use of QuiBids trademark, QuiBids advertising, and depictions of QuiBids website through a video hosted on Defendant's website that is

designed to confuse viewers into believing the video news article is about Defendant's company and website when in reality it is about QuiBids website and company, as well as to create initial interest confusion and confusion that Defendant is affiliated with, sponsored by, or owned by QuiBids.

## **PARTIES**

2.      QuiBids is an Oklahoma limited liability company having its principal place of business in Oklahoma City, Oklahoma.

3.      Upon the representation of Karl S. Kronenberger, Esq. of the law firm Kronenberger Burgoyne, L.L.P., San Francisco, California, the owner of the website SwipeBids.com is: Terra Marketing Group, Sun Life Plaza, West Tower, 144-4 Avenue SW, Suite 1600, Calgary T2P3N4, Canada.

4.      The identity of the owner of SwipeBids.com was unknown when Plaintiff's Original Complaint because the owner is intentionally shielding its identity by utilizing an internet proxy registration service to mask and hide its ownership of the website SwipeBids.com.    Counsel for QuiBids discovered, however, that SwipeBids is represented by the law firm of Kronenberger Burgoyne, of San Francisco, California.  In correspondence and phone calls between counsel for the parties, counsel for Defendant initially refused to provide the identity of the owner of SwipeBids.com (i.e., stating in a phone call that he was "not authorized" to disclose that information).    After being provided a courtesy copy of QuiBids' Original Complaint, Kronenberger Burgoyne represented that SwipeBids.com is owned and operated by Terra Marketing, which is an online webpage allegedly having offices at Sun Life Plaza, West Tower, 144-4 Avenue

2

SW, Suite 1600, Calgary T2P 3N4, Canada.  QuiBids counsel was unable to identify any records for any such entity on file with Canada or with the Business Tracker database on Westlaw.  Nevertheless, the Westlaw search returned the name of an executive associated with Terra Marketing, Kathy D. Miller-Dellins, and an associated private address of 41 Baywood Avenue, San Anselmo, CA 94960-2508.  According to a public records search performed by USATrace.com, Kathy D. Miller-Dellins is also known as Kathy D. Miller, Kathy Johnson, Kathy D. Dellins, Kathy D. Rittweger, Kathy Rittweger, Kathy Miller, Kathy D. Iller, Kathy D. Dellins, and Kathy Johnson.    After discovering that no entity named Terra Marketing Group actually exists, counsel for QuiBids once again contacted counsel for Defendant to inquire who was behind the SwipeBids.com website.  Counsel for Defendant at that time informed counsel for QuiBids that Terra Marketing Group was a fictitious d/b/a name, as counsel for QuiBids suspected.  Counsel for Defendant then represented that the underlying entity for Terra Marketing Group was 1524948 Alberta Ltd.  Once again, QuiBids counsel has been unable to indentify any records for any such entity on file with Canada or with the Business Tracker database on Westlaw and believes no such entity actually exists.

5.    Upon information and belief, Terra Marketing Group and 1524948 Alberta Ltd. are shell fronts created by 1021018 Alberta Ltd or its 100% shareholder and director, Jesse Willms.  Upon information and belief, Jesse Willms and 1021018 Alberta Ltd. have the right and ability to supervise, direct and control the wrongful conduct of Defendant and the advertising and website content that is the subject of this lawsuit.  The Better

Business Bureau of Edmonton, Canada maintains a report[1] for the 'F' ranked 1021018 Alberta Ltd. in which Jesse Willms is listed as the owner as well as being listed as the owner of Defendant.   Likewise, the Better Business Bureau of Edmonton, Canada maintains a report[2] for the 'F' ranked 1524948 Alberta Ltd. which likewise lists Jesse Willms as the owner.

6.    Jesse Willms, and what appears to be his primary d/b/a/ Just Think Media, were recently the subject of a two-part Canadian news television expose titled "Just Think Twice," which recounts their online exploits of Jesse Willms and Just Think Media, their over 40 different shell internet operations, lawsuits brought by Microsoft Corp. and Symantec, and the over 2,200 Better Business Bureau complaints which have been filed against his online operations.  The two-part television news expose is viewable at the URLs http://watch.ctv.ca/news/w5/just-think-twice/#clip278983 and http://watch.ctv.ca/news/w5/just-think-twice/#clip278977, last accessed July 6, 2010.

7.    Jesse Willms, individually and by and through his various shell internet operations, has been the target of multiple investigations and lawsuits regarding unfair competition, false advertising and deceptive business practices, trademark and copyright infringement.

## JURISDICTION AND VENUE

---

[1] Available online at http://www.bbb.org/edmonton/business-reviews/health-and-medical-products-scientifically-unproven/1021018-alberta-ltd-in-sherwood-park-ab-153474, last accessed July 12, 2010.

[2] Available online at http://www.bbb.org/edmonton/business-reviews/internet-auction-service/1524948-alberta-ltd-in-sherwood-park-ab-156691, last accessed July 12, 2010.

8.      This Court has subject-matter jurisdiction over the claims in this action, which arise, in part, under 15 U.S.C. § 1051 *et. seq.* (the "Lanham Act"), 28 U.S.C. § 1338 and 28 U.S.C. § 1331, for violations of federal law relating to trademark infringement, unfair competition and false advertising.  The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 on the basis of the diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.  Jurisdiction as to all other causes of action is proper pursuant to 28 U.S.C. § 1367 because the causes of action set forth are so related that they form a part of the same case or controversy.

9.      Defendant is subject to the personal jurisdiction of this Court.  Defendant's conduct business in the United States and Oklahoma, purposely directing substantial activities at residents of the United States and Oklahoma by means of the internet advertisements and website SwipeBids.com as described herein, by selling various products to United States and Oklahoma residents through SwipeBids.com, and purchasing the video hosted on Defendant's website from and Oklahoma company, which Defendant in turn is using to confuse consumers.  This lawsuit arises out of and relates to those activities.

10.     Venue is proper pursuant to 28 U.S.C. § 1391.

## **BACKGROUND AND NATURE OF THE ACTION**

11.     QuiBids is an online auction company.  At QuiBids' online website, located at www.quibids.com (the "QuiBids Website"), QuiBids offers an interactive auction service.  Through the QuiBids online interactive auction service, QuiBids' customers bid

on and win various consumer goods.  QuiBids has operated the QuiBids Website since at least as early as October 2009.

12.     Defendant is a competitor of QuiBids.  Like QuiBids, Defendant offers interactive online auction services.   Defendant's online website is located at www.swipebids.com.  Defendant registered the domain name in December 2009, months after QuiBids started and began operating its interactive online auction website, and Defendant began providing competing services at that domain sometime thereafter.

13.     The QuiBids Website design employs a generally orange and blue color scheme and a grid-format display for items up for auction.   Each individual display consists of a single item box.  From top to bottom, QuiBids first lists the name of the item, an image of the item, the time remaining on the auction for that item, the current bid in bright green font, and the name of the user with the then-current highest bid.  Finally, a "bid" button is provided at the bottom of the box for users to interactively place their bids.  The QuiBids "bid" button has rounded corners and is color-faded, transitioning from light-orange to dark-orange, top to bottom.  The QuiBids grid-format display on the QuiBids Webpage appears as shown below:

6



14.     In connection with QuiBids' services, QuiBids employs a predominantly blue and orange service mark incorporating a hangtag design (with string) in connection with the "Bids" word element in the QuiBids service mark.   The orange and blue elements of the QuiBids mark employ color-faded designs, varying in color from light-orange in the center to dark-orange at the sides.   On the QuiBids Website the following mark is prominently displayed:



15.     After QuiBids had been successfully operating the QuiBids Website for months, Defendant adopted a website design that is confusingly similar to that of the QuiBids Website.   Among other elements, Defendant has incorporated QuiBids' non-functional color scheme, graphic design elements, font or typeface styles, and bidding displays in an effort to create the same overall "look and feel" of the QuiBids Website.

An example of Defendant's duplication efforts is Defendant's utilization of the same grid-format display as QuiBids, including a duplication of every element - *in identical order* - as that of the QuiBids' grid-format display.  Defendant even use bright green font for the bidding price and a color-faded light-orange to dark-orange rounded "bid" button for users to place their bids, as shown below:



16.    Defendant's service mark is unmistakably similar to QuiBids' service mark. Aping the design of the QuiBids' mark, Defendant has chosen an orange and blue color scheme and incorporates a hangtag design (with string) above the "Bids" word element of its service mark.  Further mimicking QuiBids, Defendant has likewise adopted a color-fade design for the orange and blue in its mark, transitioning from light coloring to dark coloring, top to bottom.  On Defendant's website, the following mark is prominently displayed:

5796905_3.DOCX



17.     News Channel 9, a local television news station in Oklahoma City, Oklahoma, ran a video news story about QuiBids.  The video news story was very favorable to QuiBids, discussed its business, depicted the QuiBids Website, displayed QuiBids service mark, named QuiBids' Chief Executive Officer, Matt Beckham, and had interviews with several users of the QuiBids Website.

18.     QuiBids has used, and continues to use, the unedited News 9 video about QuiBids to advertise on several websites across the internet.  QuiBids advertising includes the words "QuiBids.com Saves Consumers Up to 95% Off Retail" above the News 9 video, and separates the video from the rest of the advertising by placing the News 9 video in a separate gray video display box with gray typeface underneath. Because of QuiBids use of the unedited News 9 video in its advertising, and because the unedited News 9 video repeatedly uses the QuiBids name, logo and images of the QuiBids Website, as well as the name and image of QuiBids' Chief Executive Officer, consumers encountering the News 9 video about QuiBids have come to associate the News 9 video's display and associated advertising, with QuiBids, and would expect websites showing the News 9 video to be affiliated, connected, or otherwise associated with QuiBids.  Below is a sample QuiBids advertisement[3] employing the News 9 video:

---

[3]  See, e.g., http://www.consumertipsdigest.org/penny_auctions/vcpu/, last accessed June 16, 2010.



19.   Defendant obtained a copy of the News 9 video story, and on or before April 27, 2010, Defendant placed a copy of the News 9 video story on the front page of Defendant's website, shown below:



Additionally, Defendant created the following copycat ad shown below (a QuiBids ad),[4]

copying QuiBids content and design but removing links to the QuiBids Website:



---

[4]  Available online at:
http://www.consumernews28.com/pennyauctions/index2.html?t202id=54649&t202kw=&topicName=RUN+OF+SP
ORTS+%26+RECREATION, last accessed June 21, 2010.

The layout, look and feel of the Defendant's copycat advertisement is the same as the layout, look and feel QuiBids uses in QuiBids' advertising and is deliberately designed to confuse consumers and take advantage of the goodwill QuiBids has developed. Defendant edited the News 9 video to remove any oral reference to QuiBids. The News 9 video continues to display QuiBids' service mark and depict the QuiBids Website and show the name of QuiBids' Chief Executive Officer so as to create confusion in the minds of consumers that Defendant's website is affiliated, connected, or otherwise associated with QuiBids.

20.   Upon information and belief, Defendant is also the registrant of the deliberately misleading domain name www.channel9investigates.com, employing the same internet proxy domain registration service to conceal its identity as Defendant used to register the domain www.swipebids.com. At the domain www.channel9investigates.com[5], Defendant uses multiple elements to deliberately deceive potential consumers as to the origin, source and subject of the News 9 video about QuiBids. First, the header states "Channel 9 Investigates" and the News 9 video automatically plays when the site is visited. Above the video are the words "SwipeBids In The News." The same design elements of the original QuiBids ad referenced above have likewise been duplicated, including a QuiBids consumer testimonial and photograph lifted wholesale from QuiBids' site and relabeled as a SwipeBids.com testimonial:

---

[5] The only webpage at this domain name with data appears to be http://channel9investigates.com/pennybids/1/?sid=PUL24, last accessed June 19, 2010, a screen shot of which is shown in this section.



**Video Titled "SwipeBids In The News"**

**News 9 Video About QuiBids**

**No Disclaimer in Connection With News 9 Video**



**In the Advertisement, Defendant Copied and Relabeled a QuiBids Testimonial as Its Own.**

21.     Further, on Defendant's SwipeBids.com webpage, Defendant displays Defendant's edited News 9 video in the same box and directly under large font type stating "SwipeBids.com Saves Customers Up to 95% Off Retail," mirroring the language

13

used in QuiBids advertising and giving customers the false impression that the video is about Defendant rather than about QuiBids.   Additionally, the News 9 video plays automatically when Defendant's website is visited, ensuring every visitor will be exposed to the News 9 video.  The Defendant's website appears as follows:



22.     Evidencing a likelihood of confusion, Defendant placed a disclaimer on the website stating, "News 9 and video is not affiliated with Swipebids."  This disclaimer is designed to confuse customers and does not state that the service featured in the video is not that of Defendant.  The disclaimer is also ineffective in that, among other things, it is designed and placed on Defendant's website in a way that it is not readily obvious or apparent.  Defendant's disclaimer is muted, appearing in small gray on gray type, is obscured with a dark gray gradient box, and is otherwise consistent with fine print that is not observed by the average consumer.

23.   Further evidencing Defendant's deceptive intent, Defendant claims in advertising prose[6] that QuiBids' Chief Executive Officer, Matt Beckham, is also the Chief Executive Officer of SwipeBids.com.  Matt Beckham is not in any way associated with SwipeBids.com and has not given his consent or authorization for his name to be used by Defendant.  Rather, Defendant use Matt Beckham's name to deliberately confuse customers as to the source, affiliation, sponsorship or endorsement of the services provided at Defendant's website.  An example of Defendant's deceptive advertising is shown below:





24.   Defendant also purchased the keyword "QuiBids" through Google's AdWords keywords program and is using QuiBids' service mark in the text of its

---

[6] Available online at http://channel9investigates.com/pennybids/1/?sid=PUL24, last accessed June 19, 2010.

Sponsored Link ads to create initial interest confusion and trade off of or otherwise misuse the goodwill QuiBids has acquired in its mark.

25.      Further evidencing a likelihood of confusion are instances of actual confusion.   One such instance is an article published by Associated Content which records with crystal clarity instances of actual confusion among multiple individuals. Published June 13, 2010, the article states, "Since I had perused both the *Swipebids* and the *QuiBids* auction sites and was struck by the exact similarily (sic) in the layout of the web sites, I wondered if they were one and the same. . . . There can be no doubt that the same people promoting *QuiBids* are the same people promoting *Swipebids*."[7]  (Emphasis original.)

**COUNT I:  LANHAM ACT VIOLATION**
**TRADEMARK INFRINGEMENT**

26.      QuiBids realleges and incorporates by reference the allegations contained in each proceeding paragraph.

27.      This is an action under the trademark laws of the United States, specifically Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), for the Defendant's unlawful use and infringement of QuiBids mark in connection with Defendant's website as well as use of the News 9 video to create confusion among customers.

28.      Defendant's use of QuiBids service mark, and depiction of QuiBids Website, with the advertising and/or sale of its services on its website and in Google

---

[7]  Joe Cuervo, *"Swipebids" and "QuiBids" Are the Same Penny Auction Ripoff*, available online at: http://www.associatedcontent.com/article/5454752/swipebids_and_quibids_are_the_same.html?cat=3, last accessed June 16, 2010.

16

AdWords keyword advertising, constitute a false designation of origin, false description and false representation that the services being offered and distributed by Defendant, originate from or are affiliated, connected, associated, sponsored or otherwise approved by QuiBids, and is likely to cause confusion, or to cause mistake, or to deceit or to deceive, in violation of 15 U.S.C. § 1125(a).

29.     As a result of the unlawful conduct of Defendant, QuiBids has been and will continue to be damaged.

30.     QuiBids will suffer irreparable harm should the infringement and deceptive practices of Defendant be allowed or continue to the detriment of QuiBids reputation and goodwill.

31.     QuiBids remedy at law is not by itself to adequate to compensate for the injuries inflicted and threatened by Defendant.

32.     Upon information and belief, the acts of Defendant were in bad faith, willful and in a conscious and reckless disregard for the truth such that this is an exceptional case for which QuiBids is entitled to treble damages and attorney's fees in accordance with 15 U.S.C. § 1117.

## COUNT II:  LANHAM ACT VIOLATION:  TRADE DRESS INFRINGEMENT / UNFAIR COMPETITION/ FALSE ADVERTISING/FALSE DESIGNATION OF ORIGIN

33.     QuiBids realleges and incorporates by reference the allegations contained in each proceeding paragraph.

34.     This is an action under the Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), for the Defendant's unlawful use and infringement of QuiBids' trade dress,

17

advertising, and the New 9 video in connection with Defendant's website, as well as copying and use of QuiBids' advertising, and use of the AdWord "QuiBids," all to create confusion among customers.

35.     QuiBids' Website and advertising trade dress resides in the non-functional aspects of the QuiBids Website and advertising design and presentation taken as a whole, and includes, but is not limited to, the specific colors, shapes, fonts, logos, layouts, themes, displays, arrangements and sequences identified above and is inherently distinctive or has acquired secondary meaning among the trade and the public as being identified exclusively with QuiBids.

36.     Defendant's use of QuiBids Website and advertising trade dress on its website constitutes a false representation that the services being offered and distributed by Defendant, originate from or are affiliated, connected, associated, sponsored or otherwise approved by QuiBids, and is likely to cause confusion, or to cause mistake, or to deceit or to deceive, in violation of 15 U.S.C. § 1125(a).

37.     Defendant's copying and use of QuiBids' advertising, and use of the News 9 video on Defendant's SwipeBids.com website and in its advertising, use of QuiBids' trade dress in its website and advertising, false claim that QuiBids' Chief Executive Officer is the Chief Executive Officer of SwipeBids.com, as well as Defendant's use of the QuiBids' service mark as a Google AdWord, constitutes uses in commerce words, terms, names, symbols, and devices, and combinations thereof, and a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation, connection, or association of Defendant with QuiBids, and confusion as to the origin, sponsorship, or approval of Defendant's goods and services, and commercial activities, by QuiBids.

38.     As a result of the unlawful conduct of Defendant, QuiBids has been and will continue to be damaged.

39.     QuiBids will suffer irreparable harm should the infringement of Defendant be allowed or continue to the detriment of QuiBids reputation and goodwill.

40.     QuiBids remedy at law is not by itself to adequate to compensate for the injuries inflicted and threatened by Defendant.

41.     Upon information and belief, the acts of Defendant as evidence by, *inter alia*, the blatant copying of QuiBids' advertisement, as well as Defendant's creation or approval of the highly misleading advertisement "Channel 9 Investigates," were in bad faith, willful and in a conscious and reckless disregard for the truth such that this is an exceptional case for which QuiBids is entitled to treble damages and attorney's fees in accordance with 15 U.S.C. § 1117.

### COUNT III:  VIOLATION OF THE OKLAHOMA DECEPTIVE TRADE PRACTICES ACT

42.     QuiBids realleges and incorporates by reference the allegations contained in each proceeding paragraph.

43.     This claim is brought pursuant to 78 Okla. Stat. § 53, the Oklahoma Deceptive Trade Practices Act.

19

44.     Defendant's actions constitute knowing false representations as to sponsorship, approval, affiliation, connection, association with or certification by QuiBids, and efforts to pass off the video, Defendant's website, its advertising and its goods and services as those of QuiBids, and to trade on QuiBids' goodwill.

45.     Defendant's conduct has caused and will continue to cause irreparable harm to QuiBids unless restrained by this Court.

46.     Defendant willfully engaged in such deceptive trade practices, intended to injure and have injured QuiBids, and have acted in bad faith and in a conscious and reckless disregard for the rights of QuiBids, for which QuiBids is entitled to damages and attorney's fees pursuant to 78 Okla. Stat. § 53.

## COUNT IV:  COMMON LAW UNFAIR COMPETITION/TRADE DRESS INFRINGEMENT AND PASSING OFF

47.     QuiBids realleges and incorporates by reference the allegations contained in each proceeding paragraph.

48.     Count IV is an action under the common law of the State of Oklahoma for unfair competition, trade dress infringement and passing off.

49.     By copying, incorporating and using the distinctive configurations of QuiBids' advertising, website and service mark, Defendant is unfairly competing with QuiBids, creating confusion regarding the source of Defendant's services, trading on the reputation and goodwill of, and infringing QuiBids' trademark, as well as the trade dress of QuiBids' advertising and Website, and passing off its services and goods as those of QuiBids, all in violation of the common law of the State of Oklahoma.

50.     Upon information and belief, Defendant intentionally, knowingly and willfully engaged in common law unfair competition and passing off, acted in bad faith and in conscious and reckless disregard for the rights of QuiBids, for which QuiBids is entitled to attorneys' fees and costs.

51.     QuiBids will suffer irreparable harm should Defendant's infringement be allowed to continue to the detriment of QuiBids' reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, QuiBids requests the Court enter judgment in its favor as follows:

A.      Judgment be entered in favor of QuiBids and against Defendant as to each of the above counts;

B.      Defendant be permanently enjoined from utilizing QuiBids advertising, trade dress, service mark, the edited News 9 video depicting QuiBids trademark and the QuiBids Website, and use of the AdWord QuiBids, or any other use of QuiBids trademark, advertising, AdWord, or the News 9 video, or other conduct which is likely to cause confusion, or to cause mistake or to deceive as to affiliation, connection or association of Defendant with QuiBids, as to origin, sponsorship or approval of Defendant's services by QuiBids;

C.      Defendant be directed to file with this Court and serve on QuiBids within thirty (30) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5796905_3.DOCX

D.     Defendant be ordered to publish corrective advertising to correct the confusion and harm created by Defendant's conduct and to prevent Defendant from further benefiting from the goodwill and strength of the QuiBids service mark and trade dress.

E.     Defendant pay damages incurred by QuiBids as a result of the trademark infringement, unfair competition, and deceptive trade practices perpetrated by Defendant, as well as be ordered to disgorge the ill gained profits;

F.     Defendant pay treble damages in accordance with 15 U.S.C. § 1117 as a result of Defendant's willful infringement;

G.     QuiBids be awarded its attorneys' fees in accordance with 15 U.S.C. § 1117 and other applicable statutory and common law authorities, as well as under the Oklahoma Deceptive Trade Practices Act;

H.     Defendant pay punitive damages in an amount commensurate with the gravity of their actions; and

I.     QuiBids be granted such other and further relief as the Court may deem appropriate and just.

## <u>DEMAND FOR JURY TRIAL</u>

QuiBids hereby demands a trial by jury on all claims that may be tried before a jury.

Respectfully submitted this 13th day of July 2010.

*/s/  Michael D. McClintock*

Michael D. McClintock, OBA #18105
Anthony L. Rahhal, OBA #14799
Ryan L. Lobato, OBA #22211
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439

**ATTORNEYS FOR QUIBIDS, LLC**