## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

QUIBIDS, LLC, an Oklahoma limited
liability company,

      Plaintiff,

vs.

                     CASE NO. 5:10-CV-00639-R

1524948 ALBERTA LTD., an Alberta,
Canada corporation d/b/a Terra Marketing
Group,

      Defendant and Counter-Plaintiff.
_____

1524948 ALBERTA LTD., an Alberta,
Canada corporation d/b/a Terra Marketing
Group,

      Third-Party Plaintiff,

vs.

MATT BECKHAM,

      Third-Party Defendant.

### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: March 8, 2011

Appearing for Plaintiff: Michael McClintock

Appearing for Defendant: Karl S. Kronenberger

**Jury Trial Demanded <u>X</u> - Non-Jury Trial □**

1

1.    **BRIEF PRELIMINARY STATEMENT.**  This action involves competing cross-allegations of trademark infringement, false advertising, defamation, deceptive trade practices, and unfair competition.  The parties are owners and operators of competing "penny auction" websites.  The factual and legal allegations of each party are set forth in more detail below.

      **JURISDICTION.** The parties agree generally that the Court has jurisdiction over the subject matter of this action.  The Court has decided that this Court is the appropriate venue for this action [Docket Entry No. 42].

2.    **STIPULATED FACTS.**  With the exception of the parties' agreement as to this Court's subject matter jurisdiction, there are no stipulated facts.

3.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

      a.    <u>Plaintiff:</u>  QuiBids seeks injunctive relief and monetary damages arising out of, *inter alia,* Terra Marketing's trademark infringement, trade dress infringement, false designation of origin, and unauthorized use of QuiBids's trademark, QuiBids's advertising, and depictions of QuiBids's website through a video that Terra Marketing uses on its website and in online advertising that is designed to confuse viewers into believing the video is about Defendant's online auction service when, in reality, it is about QuiBids's online auction service.  QuiBids further alleges that these practices are designed to create initial interest confusion and confusion that Defendant's services are in some way affiliated with or sponsored by QuiBids.  In particular, QuiBids alleges that Terra Marketing appropriated content from QuiBids's website, including a video of a news report that showed the QuiBids logo, and uses it in advertising for Terra Marketing's online auction sites, SwipeBids.com and SwipeAuctions.com.  QuiBids also alleges that Terra Marketing had published false representations that QuiBids's CEO, Beckham, is the CEO of SwipeBids, on an online auction forum website.  QuiBids alleges that Terra Marketing's use of QuiBids's service mark on Terra Marketing's websites and in its online advertising and keyword advertising, constitute false designation of origin, false description and false representation that the services offered and distributed by Defendant originate from or are affiliated with QuiBids and is likely to cause confusion, mistake or deceit in violation of 15 U.S.C. § 1125(a).  In addition, QuiBids alleges that Terra Marketing's use of QuiBids' trade dress on Terra Marketing's websites constitute a false representation that Terra Marketing's services originate from or are affiliated with QuiBids, in violation of 15 U.S.C. § 1125(a).  QuiBids further alleges that the conduct

of Terra Marketing complained of in the Amended Complaint violates the Oklahoma Deceptive Trade Practices Act and constitutes unfair competition, trade dress infringement and passing off.  QuiBids alleges that it suffered damages in an amount to be determined at trial as a result of these alleged acts, seeks a preliminary and permanent injunction against the conduct alleged to have been committed by Terra Marketing, seeks treble damages and attorneys' in accordance with 15 U.S.C. § 1117 and seeks punitive damages.

QuiBids denies any liability on the counterclaims that Terra Marketing has asserted in this lawsuit denies that it committed any of the wrongful acts alleged in the counterclaims, and denies that Terra Marketing suffered any damage from the acts alleged in the counterclaims.

b.    Defendant and Third-Party Plaintiff:  Terra Marketing denies that it committed any of the wrongful acts alleged in QuiBids's complaint, denies that QuiBids suffered any damages, and denies that it is liable to QuiBids in any way.  Terra Marketing has filed a counterclaim against QuiBids and a third-party complaint against Matt Beckham as alleged in the following section.

Terra Marketing has filed a counterclaim against QuiBids which alleges that it was actually QuiBids that had pirated creative work and other materials from Terra Marketing for use in QuiBids's online marketing. Terra Marketing alleges that QuiBids and its CEO Beckham used false statements, fake customer testimonials, misappropriated personal likenesses (including the image of a French television anchor) and copyrighted materials stolen from the SwipeBids site to defame Terra Marketing and its SwipeBids.com auction site.

Terra Marketing asserts in the Third-Party Complaint that QuiBids and/or Beckham published the false statements about SwipeBids and committed the other wrongful acts alleged in the counterclaim through an affiliate account Beckham had opened with COPEAC, a network of online advertising affiliates.  COPEAC operates a service through which advertisers such as Terra Marketing – and QuiBids as well – can open an "affiliate account" with COPEAC through which those advertisers can disseminate their advertising materials to online publishers, who then obtain placement for those advertisements on websites, in email campaigns, and throughout other Internet media.

Terra Marketing has demanded general compensatory damages and attorney fees, as well as equitable relief to enjoin QuiBids from committing further unfair and deceptive practices.  Terra Marketing has also sought a declaration that it did not infringe upon any mark or other right of QuiBids.

QuiBids and Beckham deny that they committed any of the wrongful acts alleged in Terra Marketing's counterclaim, deny that Terra Marketing suffered any damages, and deny that they are liable to Terra Marketing in any way.

4.    **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

The parties know of no issue as to the constitutionality of any statute.

5.    **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   a.  Plaintiff's Motion for Preliminary Injunction was filed on July 13, 2010, seeking an order preliminary enjoining Defendant from (i) online use of a News 9 video about QuiBids's online auction service and (ii) false claiming that QuiBids's CEO Matt Beckham is the CEO of SwipeBids.com in Defendant's advertising.  Defendant filed its response on October 19, 2010.

   b.  Plaintiff will be filing an application for leave to file an amended complaint alleging claims of alter ego and piercing the corporate veil against Jesse Willms.

6.    **COMPLIANCE WITH RULE 26(a)(1).** Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ×Yes  □ No

7.    **PLAN FOR DISCOVERY.**

   A.    An initial discovery planning conference pursuant to Fed. R. Civ. P. 26(f) was held on October 19, 2010.  The parties held a second discovery planning conference on March 8, 2011.

   B.    The parties anticipate that discovery should be completed within eight months.

C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? November 2011.

D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery at issue in this action.  The parties agree to produce ESI in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist.  Unless otherwise agreed, the parties agree to produce ESI as single-page TIFF images with associated information including metadata in "Concordance and Summation load files" with Metadata.  The parties further agree that ESI not reasonably useable as single-page TIFF images PDF files, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format.  Upon reasonable request in writing, the parties shall produce in native format ESI previously produced as single-page TIFF or PDF images with metadata.

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. (f)(3)(D)?

      X Yes  □ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. (f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F.    The parties have agreed to accept service by email of documents not filed with the Court in this case in accordance with FRCP 5(b)(2)(E).  However, the parties may use other forms of service permitted under the federal rules, as the agreement regarding electronic service only creates the option for any party to serve documents via email instead of paper copies sent by mail or courier.

G.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____
_____

**8.      ESTIMATED TRIAL TIME:** two weeks

**9.      BIFURCATION REQUESTED:**          □ Yes          X No

**10.     POSSIBILITY OF SETTLEMENT:**     □ Good          X Fair          □ Poor

**11.     SETTLEMENT AND ADR PROCEDURES:**

A.      Compliance with LCvR 16.1 (a)(1) – ADR discussion: X Yes □ No

B.      The parties request that this case be referred to the following ADR process:

X Court-Ordered Mediation subject to LCvR 16.3
□ Judicial Settlement Conference
□ Other _____
□ None – the parties do not request ADR at this time.

**12.**   Parties consent to trial by Magistrate Judge?      □ Yes  X No

**13.**   Type of Scheduling Order Requested.      X Standard -          □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 31st day of March 2011.


   */s/ Michael D. McClintock*_____
   Counsel for Plaintiff



   */s/ Karl Kronenberger*_____
   Counsel for Defendant

6